**Kristina PADILLA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–0404–CR–308.

Court of Appeals of Indiana.

Feb. 15, 2005.

placed on parole for not more than ten (10) years.

Kevin Wild, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Kristina Padilla, pleaded guilty to Battery as a Class A felony.[1] Following a sentencing hearing, the trial court identified aggravating and mitigating circumstances and sentenced Padilla to an enhanced term of thirty-five years, with five years suspended and to be served on probation. Upon appeal, Padilla presents one issue for our review, whether her sentence violates the Sixth Amendment under

*Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

We affirm.

On October 16, 2002, the State filed an information charging Padilla with murder and battery as a Class A felony. Pursuant to a plea agreement, Padilla pleaded guilty on October 7, 2003 to battery as a Class A felony, and the State moved to dismiss the murder charge, which the trial court granted. Sentencing was left open to the trial court. During the guilty plea hearing, the State offered the following factual basis:

> "On September 20th, 2002, Kristina Padilla, being at least 18 years of age, knowingly touched [L.H.], her daughter, who was then less than 14 years of age, specifically, 16 months old, in a rude, insolent, and angry manner, by know-ing[ly] and intentionally striking [L.H.'s] head against a wall, thereby inflicting mortal injuries of fractures to [L.H.'s] skull which caused the death of [L.H.] on September 22nd, 2002." Transcript at 12–13.

Padilla admitted to the truth of the factual basis.

At the sentencing hearing on October 31, 2003, the court accepted Padilla's guilty plea. After hearing testimony from several witnesses on Padilla's behalf and arguments of counsel, the court found one aggravating circumstance—the nature and circumstances of the offense. The court explained as follows:

> "The Court believes that this is a particularly heinous offense. You were in a position of trust with that 18 year [sic] old infant—you were the child's mother. You took your 16 month old baby and given the choice to either harm yourself or harm your baby, you took your baby and banged your child's head against the

---

1. Ind.Code § 35–42–2–1 (Burns Code Ed. Repl.2004).

wall so that the child suffered from multiple skull fractures, and died. The fact that you—you had that choice and you chose to hurt your baby, you could have banged your own head against the wall—if you wanted to follow the instructions of the boyfriend. But you chose to kill your baby for some reason that is unexplainable to satisfy a boyfriend. So irregardless [sic] of how bad your relationship was with this boyfriend, there is no excuse. You had resources. You had a family in Anderson. You chose to sneak out in the middle of the night and move to Indianapolis. You had a social worker at Methodist Hospital who you had visited with. And who was trying to help you. You had a child care provider who had given you advice, and was trying to help you with your children. So you had resources here in Indianapolis. So, there's no excuse and no mitigation. No provocation whatsoever to bang an 18 [sic] month old baby's head against the wall to satisfy a boyfriend." Transcript at 50–51.

The court found as mitigating that Padilla had no criminal history and that she had accepted responsibility by pleading guilty. The court then imposed an enhanced sentence of thirty-five years [2] "because of the aggravators" and then suspended five years and imposed five years of probation "for the mitigating circumstances." Tr. at 51.

Upon appeal, Padilla argues that the enhanced sentence imposed by the trial court violates the rule of law explicitly announced in *Blakely, supra.* Specifically, Padilla argues that the aggravating circumstance which was used to enhance her sentence above the presumptive—the nature and circumstances of the crime—was required to be submitted to a jury and proved beyond a reasonable doubt before the court could rely upon such in imposing an enhanced sentence.

In *Blakely,* the United States Supreme Court applied the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the court stated, " 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.' " The *Blakely* Court, relying upon the *Apprendi* rule, held that the sentencing scheme at issue violated the petitioner's Sixth Amendment right to a trial by jury. 124 S.Ct. at 2543. The Court noted that precedent made clear that the " 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant." Id.* at 2537 (emphasis in original). The Court further clarified, stating that the relevant statutory maximum for *Apprendi* purposes "is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* The *Blakely* Court also held that when a defendant enters a guilty plea, the State is free to seek judicial enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial fact finding. *Id.* at 2541.

The State first argues that Indiana's sentencing scheme is not implicated by the *Blakely* analysis. We disagree. As held by this court in *Berry v. State,* 819 N.E.2d

---

**2.** "A person who commits a Class A felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances...." Ind.Code § 35–50–2–4 (Burns Code Ed. Repl.2004).

443, 455–56 (Ind.Ct.App.2004), we reject the State's assertion that the presumptive sentence functions as a sentencing guidepost for Indiana trial courts. The rule as stated in *Blakely* prohibits our courts from imposing a sentence greater than the presumptive if based upon a factor not admitted by the defendant or submitted to a jury and proven beyond a reasonable doubt.

The State also argues that Padilla has waived her Sixth Amendment/*Blakely* challenge by not preserving the alleged error for appeal. Without deciding the issue of waiver, we choose to address Padilla's *Blakely* claim on the merits.

■ Here, the nature and circumstances of the offense as considered by the trial court included many factors—that this was a particularly heinous offense because Padilla was in a position of trust with the victim, that Padilla banged her sixteen month old daughter's head into a wall, and that Padilla did such to placate her boyfriend. We begin by noting that Padilla admitted to banging her sixteen month old daughter's head into a wall and further conclude that implicit in her admission is that she was in a position of trust with the victim as she admitted to being the sixteen month old child's mother. Thus, such considerations do not implicate *Blakely*.

■ The remaining factor considered by the court as part of the nature and circumstances of the offense was that Padilla injured her infant daughter and ultimately caused her death in order to please her boyfriend. Such fact was not admitted by Padilla. Rather, it was brought to the court's attention when the deputy prosecutor, in arguing as to what the State believed to be an appropriate sentence, referenced Padilla's statement to the investigating detective, in which Padilla apparently stated that she banged her child's head into the wall because her boyfriend said that if she did not hurt

herself or her children, he would do so. The deputy prosecutor emphasized to the court that "this woman chose her boyfriend over her children. She chose to kill her daughter to make her boyfriend happy." Tr. at 47. Because this fact was not admitted by Padilla or found by a jury beyond a reasonable doubt, the court's reliance upon such in enhancing Padilla's sentence runs afoul of *Blakely*.

■ Although the trial court should not have considered the fact that Padilla acted as she did in order to satisfy her boyfriend in imposing an enhanced sentence, under the facts of this case, we hold that the error is harmless. *See Holden v. State*, 815 N.E.2d 1049, 1060 (Ind.Ct.App.2004) (applying harmless error analysis to *Blakely* claim), *trans. denied.* Indeed, we discern nothing in the record which would indicate that the trial court would have imposed a lesser sentence without consideration of such fact. The other factors considered by the court as part of the nature and circumstances of the crime— that Padilla was in a position of trust with the victim and that the victim was of a tender age—are sufficient in and of themselves to warrant the enhanced sentence imposed by the court. We further observe that the trial court enhanced Padilla's sentence by only five years, far less than the twenty-year enhancement permitted by statute. We therefore cannot conclude that the trial court erred in imposing an enhanced sentence given the valid aggravating circumstances identified by the court which are not in violation of the Sixth Amendment under *Blakely*.

The judgment of the trial court is affirmed.

NAJAM, J., and BARNES, J., concur.